# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA, | No. 1:22-cv-00788-KES-FRS (BAM) (PC) |
| Plaintiff, | ORDER VACATING MARCH 3, 2026 FINDINGS AND RECOMMENDATIONS (ECF No. 27) |
| v. | |
| ROBICHEAUX, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| Defendants. | CERTAIN CLAIMS AND DEFENDANTS |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.    Background

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 14, 2026, the Court screened Plaintiff's first amended complaint and found that it stated a cognizable claim against Defendants Robicheaux and Ugwa for denial of Plaintiff's religious meal request in violation of the First Amendment, but failed to state any other cognizable claims for relief against any other defendant. (ECF No. 26.) Plaintiff was directed to file a second amended complaint curing the deficiencies identified in the Court's screening order or to notify the Court of his willingness to proceed on the cognizable claims identified by the Court, within thirty days. (*Id.*) On March 3, 2026, after Plaintiff failed to respond to the Court's order, the Court issued findings and a recommendation that this action be dismissed, without

1

prejudice, for failure to obey a Court order and for Plaintiff's failure to prosecute. (ECF No. 27.)

On March 12, 2026, Plaintiff filed a notification to the Court of his willingness to proceed on the cognizable claims. (ECF No. 28.) Plaintiff states that his response to the Court's screening order was delayed because he was not allowed to visit the law library during a two-week lockdown of his institution, so he was unable to obtain copies, forms, and legal writing supplies. Even now that the lockdown has ended, Plaintiff still cannot make it into the law library unless he has a court-ordered deadline. Plaintiff also states that he has suffered from retaliation from CDCR officers at his institution, resulting in his right hand getting broken. Plaintiff is right-handed when it comes to writing, and his right hand was casted and the cast was just recently removed. Plaintiff states that he is willing to proceed on the cognizable claims identified by the Court and apologizes for the delay in his response. (*Id.*)

The Court finds that Plaintiff has presented good cause for his delayed response to the January 14, 2026 screening order. Accordingly, the Court finds it appropriate to vacate the March 3, 2026 findings and recommendation to dismiss this action for failure to obey a Court order and for failure to prosecute. The Court further issues new findings and recommendations that this case proceed on Plaintiff's first amended complaint and the cognizable claims therein, as discussed below.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.   Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran ("CSP-Corcoran") in Corcoran, California. Plaintiff names the following defendants: (1) Robicheaux, RRC Chaplain Chairperson, CSP-Corcoran; (2) John Doe, Warden, CSP-Corcoran; and (3) Charles Ugwa, Chaplain, CSP-Corcoran.

Plaintiff alleges that on March 30, 2022, he turned in a 3030 Request Form for a Kosher religious diet so he would be able to fully exercise and follow his religious practice. Since 2020, Plaintiff had sought to convert to the Jewish religion and was attending Jewish chapel meetings while housed at CCI Tehachapi State Prison, getting closer to God and the Jewish religion, and seeking help and knowledge.

Defendants denied Plaintiff's request to exercise his religion without giving him a reason why he was denied. Defendants did not send Plaintiff a notice of denial. Plaintiff found out when he tried to submit another 3030 Religious Request and was told by the SAC Chaplain that he had to wait 6 months to apply again because he had been denied by the Corcoran Chaplain and RCC Chairperson, who are the defendants in this case.

Plaintiff was seeking the Kosher meals to meet his religious needs. Because of Defendants' actions, Plaintiff is forced to eat unclean food and pushed Plaintiff away from his religious belief, destroyed his religious belief and his relationship with God and crushed his spirit.

///

Plaintiff seeks a declaratory judgment, monetary damages, costs of suit and reasonable attorneys fees, and any other and further relief as the Court deems just and proper.

## IV.    <u>Discussion</u>

### A.    **First Amendment – Religious Meals**

Incarcerated persons do not forfeit the right to the free exercise of religion, which is guaranteed by the First Amendment. *See McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122-23 (9th Cir. 2013). In the religious diet context, incarcerated persons "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea*, 833 F.2d at 198.

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *Shakur v. Schriro,* 514 F.3d 878, 884–85 (9th Cir. 2008). A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs. *Jones*, 791 F.3d at 1031–32. Plaintiff must demonstrate that prison officials prevented him from engaging in conduct which he sincerely believes is required by his faith. *Shakur*, 514 F.3d at 884–85. The underlying religious belief must be "sincerely held." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *see also Shakur*, 514 F.3d at 884–85 (noting that the "sincerity test," not the "centrality test," applies to a free exercise analysis); *see also Sprouse v. Ryan*, 346 F. Supp. 3d 1347 (D. Ariz. 2017) ("With respect to religious diets, prisoners 'have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion.'")

Based on the allegations in the first amended complaint, Plaintiff alleges that he has a sincere religious belief that non-Kosher meals are unclean food. Plaintiff also alleges that being

4

forced to eat unclean food pushed him away from his religious beliefs, destroyed his religious beliefs and relationship with God, and crushed his spirit.  Although Plaintiff does not specify whether he was ever approved for Kosher meals, a reasonable inference from the allegations is that Plaintiff had to eat non-Kosher meals three days a week for at least six months while he waited to be able to submit a new religious meal request form, which was not compliant with the tenets of his Jewish faith. Also, a reasonable inference from the allegations is that denial of Kosher food was not reasonably related to a legitimate penological interest, as Plaintiff alleges that no reason for the denial was provided.  Thus, liberally construing the allegations, Plaintiff has alleged that his sincerely held religious belief has been substantially burdened, and it was not reasonably related to a penological interest.  The Court now turns to which Defendants may be held responsible.

Plaintiff alleges that all named defendants are responsible for the denial of his Kosher meal request.  However, Plaintiff states that he was denied "by the Corcoran Chaplain & RCC Chairperson," (ECF No. 16, p. 4), but does not specify whether Defendant Warden John Doe was involved in the denial.

To state a claim against a defendant, Plaintiff must plead facts showing how this defendant was personally involved in violating Plaintiff's rights, based on the defendant's own duties and responsibilities.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Within the context of a § 1983 claim, a person subjects another to the deprivation of a constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  *See Monell v. Dep't of Social Servs*., 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  Plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  *See Leer*, 844 F.2d at 634.

It appears Plaintiff is relying only on Defendant Warden John Doe's role as a supervisor for denial of Plaintiff's Kosher meal request.  However, liability may not be imposed on

supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff has failed to allege that Defendant Warden John Doe was personally involved in the denial of Plaintiff's meal request.

At the pleading stage, Plaintiff states a cognizable claim against Defendants Robicheaux and Ugwa for denial of Plaintiff's religious meal request in violation of the First Amendment.

### B.     Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

## V.     Order and Recommendation

Based on the foregoing, the Court HEREBY ORDERS that the findings and recommendations issued on March 3, 2026, (ECF No. 27), are VACATED.

Furthermore, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed October 3, 2022, (ECF No. 16), against Defendants Robicheaux and Ugwa for denial of Plaintiff's religious meal request in violation of the First Amendment; and

2. All other claims and defendants be dismissed from this action for failure to state a cognizable claim for relief.

///

6

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 16, 2026**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

7