UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA,<br><br>                    Plaintiff,<br><br>        v.<br><br>ROBICHEAUX, *et al.*,<br><br>                    Defendants. | Case No. 1:22-cv-00788-KES-FJS (PC)<br><br>ORDER REFERRING CASE TO POST-<br>SCREENING ADR AND STAYING CASE<br><br>Hearing:  Settlement Conference<br>Date:      September 17, 2026<br>Time:      10:00 a.m.<br>Judge:    Erin Guy Castillo<br>Location: via Zoom Videoconference |

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Robicheaux and Ugwa ("Defendants") for denial of Plaintiff's religious meal request in violation of the First Amendment. Defendants have answered the complaint. (ECF No. 39.)

Because it takes years to get to trial, the court has identified this case as an appropriate case for post-screening ADR ("Alternative Dispute Resolution"), which is an effort to resolve such cases more expeditiously and less expensively. No claims, defenses, or objections shall be waived by the parties' participation. In appropriate cases, defense counsel from the California State Attorney General's Office has agreed to participate in these early settlements.

As set forth in the court's screening order, this action states cognizable claims. But stating cognizable claims does not mean Plaintiff will prevail at trial. Thus, the court stays this action to allow the parties to investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference.

Therefore, this case will be referred to Magistrate Judge Erin Guy Castillo to conduct a settlement conference on September 17, 2026, at 10:00 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom videoconference. The court will issue any necessary transportation order in due course.

In issuing this order, there is a presumption that this case will proceed to a settlement conference.[1] Yet if after investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with others, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this early settlement conference. A written notice to opt out must be filed within forty-five (45) days of the date of the issuance of this order.

The parties shall each submit to Judge Guy Castillo a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

The court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

If Defendants do not elect to opt out of the settlement conference, Defendants shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case. The parties are also informed that an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations.

---

[1] If the case does not settle, the court will then lift the stay of its Discovery and Scheduling Order or issue one forthwith.

Accordingly, it is HEREBY ORDERED as follows:

1. A settlement conference is scheduled to occur on September 17, 2026, at 10:00 a.m., before Magistrate Judge Erin Guy Castillo, via Zoom videoconference. Prior to the conference, parties shall contact Magistrate Judge Guy Castillo's courtroom deputy at wkusamura@caed.uscourts.gov for the Zoom videoconference connection information.

2. Each party or a representative with full authority to negotiate and enter into a binding settlement agreement shall participate in the conference. The failure of any counsel, party, or authorized person subject to this order to participate in the conference may result in the imposition of sanctions. The manner and timing of Plaintiff's transportation to and from the conference is within the discretion of CDCR.

3. Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Participants in the conference must be prepared to discuss the claims, defenses, and damages.

4. The parties shall engage in informal settlement negotiations as follows:

    a. No later than August 6, 2026, Plaintiff shall submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, including a brief explanation of why such settlement is appropriate, which shall not exceed 5 pages.

    b. No later than August 20, 2026, Defendants shall contact, by telephone, with an acceptance of Plaintiff's offer or a meaningful counteroffer, including a brief explanation of why such settlement is appropriate. Defendants' obligation to initiate contact and participate in settlement negotiations shall apply regardless of whether Plaintiff timely submits the written itemization of damages and settlement demand described in paragraph (a).

5. If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.

6. If settlement is not achieved informally, the parties shall submit confidential settlement conference statements no later than August 27, 2026. Defendants shall email their statement to egcorders@caed.uscourts.gov. Plaintiff shall mail his statement, clearly captioned

"Confidential Settlement Conference Statement," to United States District Court, Attn: Magistrate Judge Erin Guy Castillo, 2500 Tulare Street, Room 1501, Fresno, CA 93721.

7. Once the parties have submitted their statements, they shall file a "Notice of Submission of Confidential Settlement Conference Statement" with the court. The confidential settlement conference statements themselves should not be filed with the court nor served on the opposing party.

8. The confidential settlement conference statements should be no longer than 5 pages in length and include:

    a. A brief summary of the facts of the case;

    b. A brief summary of the claims and defenses of the case, i.e., the statutory, constitutional, or other grounds upon which the claims are founded;

    c. A forthright discussion of the strengths and weaknesses of the case and an evaluation of the likelihood of prevailing on the claims or defenses, from the party's perspective, and a description of the major issues in dispute;

    d. An estimate of the party's expected costs and time to be expended for further discovery, pretrial matters, and trial;

    e. A summary of past settlement discussions, including the informal settlement negotiations required above; a statement of the party's current position on settlement, including the amount the party would offer and accept to settle (in specific dollar amounts); and a statement of the party's expectations for settlement discussions;

    f. An estimate of any restitution allocated to Plaintiff, or other financial obligation assigned to Plaintiff, that would affect the parties' settlement discussions;

    g. A list of the individuals who will be attending the conference on the party's behalf, including names and, if appropriate, titles; and,

    h. If a party intends to discuss the settlement of any other actions or claims not raised in this suit, a brief description of each action or claim, including case number(s), as applicable.

9. If defense counsel wishes to "opt-out" of this settlement for the reasons stated above, counsel must do so within <u>forty-five (45) days</u> of this order by filing a "Notice of Opt-Out and Request to Vacate Settlement Conference."

10. <u>If defense counsel does not wish to opt-out, defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed to determine whether the institution can accommodate a Zoom video appearance by Plaintiff at this date and time.</u>

11. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).

12. <u>A failure to follow these procedures may result in the imposition of sanctions by the court.</u>

13. The Clerk of the Court is directed to serve a courtesy copy of this order on the Litigation Office at Mule Creek State Prison via fax or via email.

IT IS SO ORDERED.

Dated:   **June 29, 2026**

_____
UNITED STATES MAGISTRATE JUDGE